UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PEARCE BROTHERS READY MIX CONCRETE                                    PLAINTIFF
AND SUPPLY CO., INC.

v.                                                                    CIVIL ACTION NO. 3:06-CV-548-S

WAUSAU SIGNATURE AGENCY, INC.                                         DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant Wausau Signature Agency, Inc. ("Wausau"), for summary judgment. For the reasons stated herein, Wausau's motion will be granted in part and denied in part.

### BACKGROUND

This action arises out of a motor vehicle accident that occurred on February 20, 2001, involving a dump truck owned and operated by the plaintiff, Pearce Brothers Ready Mix Concrete and Supply Co., Inc. ("Pearce Brothers"). Pearce Brothers alleges that a brake failure caused the driver of its dump truck to have an accident with another vehicle. Pearce Brothers asserted claims under an insurance policy which had been issued to it by Wausau. Pearce Brothers and Wausau, as co-plaintiffs, filed a civil claim on February 18, 2003 in Oldham Circuit Court against a number of defendants involved with the manufacture, sale, and repair of the dump truck. In that action, Pearce Brothers sought to recover its insurance deductible and loss of use of the dump truck that resulted from the damage sustained in the accident. At issue was whether or not a "brass nipple" (part of the brake assembly) was defective and caused the accident.

- 2 -

During the course of the proceedings in Oldham Circuit Court, the brass nipple was lost. The defendants in that action argued that the loss of the brass nipple prevented them from conducting tests to determine the cause of the brake failure. The Oldham Circuit Court agreed and on February 20, 2006, granted summary judgment against Pearce Brothers and Wausau, holding that failure to preserve the brass nipple prejudiced the defendants' ability to present a proper defense.

Pearce Brothers brought the instant action against Wausau in September 2006.[1] In this action, Pearce Brothers claims that Wausau authorized repairs to the dump truck, during which time the brass nipple was lost. In essence, Pearce brothers alleges that Wausau is responsible for the loss of the brass nipple and the subsequent dismissal of the Oldham Circuit Court action. Pearce asserts claims of negligence, breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of the Unfair Claims Settlement Practices Act under KRS 304.12-230(2). Wausau has moved for summary judgment.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct.

---

[1] According to Pearce Brothers, it first filed this action in Oldham Circuit Court in September 2006, and filed an amended complaint on September 29, 2006. Throughout its motion for summary judgment, Wausau refers to the this action as being filed on October 12, 2006. The record indicates that the amended complaint was filed in Oldham Circuit Court on October 6, 2006. The initial complaint has not been included in the record. In viewing the facts in a light most favorable to the plaintiff, the court will assume for purposes of this motion for summary judgment, that Pearce Brothers' initial complaint was filed on September 1, 2006.

2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## I.  Negligence Claim

Wausau asserts that summary judgment as to Pearce Brothers' negligence claim is proper because such claim is barred by both the applicable statute of limitations and res judicata. The court finds that neither operate to bar Pearce Brothers' negligence claim.

**a.  Statute of Limitations**

Under Kentucky law, the statute of limitations for actions involving injury to personal property is KRS 413.125, which provides that an "action for the taking, detaining or injuring of personal property, including an action for specific recovery, shall be commenced within two (2) years from the time the cause of action accrued." Because Pearce Brothers seeks recovery for the repairs to and the loss of use of the dump truck, an item of personal property, the two year statute of limitations provided for in KRS 413.125 is applicable to Pearce Brothers' negligence claim. Therefore, in order for the claim to be considered timely, it must have accrued after September 1, 2004.[2]

In *Caudill v. Arnett*, 481 S.W.2d 668 (Ky. 1972), Kentucky's highest court stated that "statutes of limitations are based on the accrual of a right of action and, therefore, begin to run from the time the cause or the foundation of the right came into existence." 481 S.W.2d at 669 (quoting *Jordan v. Howard,*

---

[2] As mentioned, for purposes of this motion for summary judgment, the court assumes that Pearce Brothers filed this action on September 1, 2006.

54 S.W.2d 613, 615 (Ky. 1932)). "Kentucky courts have consistently followed the view that a cause of action does not accrue until damage occurs." *Northwestern Nat. Ins. Co. v. Osborne*, 573 F.Supp. 1045, 1048 (E.D.Ky. 1983). In *Dodd v. Pittsburgh, C.C. & St. L.R. Co.*, 106 S.W. 787 (Ky. 1908), Kentucky's highest court noted that "it is a juncture of wrong and damage that give rise to a cause of action...." 106 S.W. at 794.

The record indicates that the brass nipple was lost, and that Pearce Brothers was aware that it was lost, well before September 1, 2004.[3] Wausau argues that Pearce Brothers' negligence cause of action accrued at this time. We disagree. Pearce Brothers' claim against Wausau for its alleged loss of the brass nipple cannot be said to have accrued prior to the Oldham Circuit Court dismissing its claims on February 20, 2006. It was not until this time that wrong and damage intersected.

While it is true that Kentucky courts have recognized the failure to discover the *extent* of an injury does not prevent the statute of limitations from commencing, it is the day on which the *injury was inflicted* which starts the limitations period. *See Caudill*, 418 S.W.2d at 669 (quoting *Welsh v. Louisville C. & L.R. Co.*, 6 Ky.Opin. 330 (1873) ( "the fact that [a plaintiff] did not discover the *extent* of his injuries for several months cannot avail him. The cause of action occurred on the day the *injury was inflicted*, and from that day the statute commenced to run") (emphasis added)). In this case, no injury was inflicted upon Pearce Brothers until the Oldham Circuit Court dismissed its claims. Therefore, the statute of limitations could not have commenced prior to this time. If, as Wausau urges, Pearce Brothers was required to assert a negligence claim against Wausau for its alleged loss of the brass nipple prior to the Oldham Circuit Court dismissing its claims, the negligence claim would have been subject to

---

[3]In a deposition conducted in connection with the Oldham Circuit Court action, Stanley Morris Erwin, a Wausau claims representative, testified that he prepared a June 13, 2001 memo. The memo indicates that the brass nipple was, at that time, unavailable. Additionally, Jon Westbrook, Chairman and Vice-President of Pearce Brothers, testified in the Oldham Circuit Court action that he prepared a timeline of events relating to the handling of Pearce Brothers' property damage. The timeline was dated September 18, 2001 and indicated that prior to July 5, 2001, "all broken parts are gone and no one knows where they are."

dismissal on the grounds that Pearce Brothers had experienced no injury. Accordingly, because Pearce Brothers filed this action within two years of the Oldham Circuit Court's dismissal of its claims, Pearce Brothers' negligence claim is not barred by the statute of limitations.

**b. Res Judicata**

The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. *Yeoman v. Commonwealth Health Policy Bd*, 983 S.W.2d 459, 464-65. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from re-litigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or *could have been* brought in support of the cause of action. *Id.* at 465 (emphasis added).

Wausau asserts that because Pearce Brothers already filed a lawsuit in which the brass nipple was the focus of the litigation, the issue of exactly who was responsible for its loss *could have been* litigated. We disagree. The focus of the litigation in the Oldham Circuit Court was whether the brass nipple was defective. The focus in the instant action is whether Wausau was negligent in losing the brass nipple. While similar, the suits do not concern the same controversy. Accordingly, Pearce's negligence claim is not barred by res judicata.

## II.  Contractual Claims

Under Kentucky law, a "breach of a contract is the commission of an act, or the omission of some act, specified or implied in the contract." *Dulworth v. Hyman*, 246 S.W.2d 993, 995 (Ky. 1952). "The terms of an express contract measure the rights of the parties to the exclusion of other or different conditions or any liability or right to relief that might be considered as implied." *Swiss Oil Corp. v. Riggsby*, 67 S.W.2d 30, 33 (Ky. 1933).

In the instant action, the insurance policy issued by Wausau to Pearce Brothers specifically provided that Wausau had the option to "pay for, repair or replace damaged or stolen property." Even assuming that Wausau authorized repairs to the damaged dump truck, Wausau would have been acting in accordance with its contractual right to do so. Thus, Pearce Brothers' claim for breach of contract must be dismissed.

Moreover, Pearce Brothers' claims for breach of implied covenant of good faith and fair dealing and breach of fiduciary duty must also be dismissed. Under Kentucky law, the implied covenant of good faith and fair dealing does not prevent a party from exercising its contractual rights. *See Farmers Bank and Trust Co. of Georgetown v. Willmott Hardwoods Inc.*, 171 S.W.3d 4, 11 (Ky. 2005). Similarly, a party's reliance on its contractual rights does not constitute a violation of any fiduciary duty. *See KFC Corp. v. Goldey,* 129 F.R.D. 157, 158 (W.D.Ky. 1990).

## III.  Unfair Claims Settlement Practices Claim

Under KRS 304.12-230(2), "[i]t is an unfair claims settlement practice for any person to... [fail] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies." In *Matt v. Liberty Mut. Ins. Co.*, 798 F.Supp. 429 (W.D.Ky. 1991), *aff'd*, 968 F.2d 1215 (6th Cir. 1992), the court noted that "[l]iability for bad faith will arise only in those instances where

an insurer acts with some degree of conscious wrongdoing, reckless or in a manner which reveals an unjustified gamble at the stake of the insured." 798 F.Supp at 434; *see also Winburn v. Liberty Mut. Ins. Co.*, 8 F.Supp.2d 644, 647 (E.D.Ky. 1998) ("[b]ad faith...is not simply bad judgment. It is not mere negligence. it imports a dishonest purpose of some moral obliquity. It implies conscious doing of wrong.... It partakes of the nature of fraud") (quoting *Matt*, 798 F.Supp. at 433).

There is no evidence in the record indicating that Wausau acted with any degree of conscious wrongdoing or dishonest purpose. As pointed out above, the insurance policy gave Wausau the right to repair the dump truck. Wausau cannot sustain a claim for breach of the Unfair Settlement Practices Claim Act. Accordingly, such claim will be dismissed.

A separate opinion will be entered herein this date in accordance with this opinion.